IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-102

---

JIMMY RAY HEIDEMA,
Personal Representative of
the Estate of Louis Heidema,
Jr., Deceased, AGNES HEIDEMA,
LOUIS J. HEIDEMA, JUDITH
GAIL HEIDEMA, JIMMY RAY
HEIDEMA, individually, and
LEILA MAY HEIDEMA, d/b/a
Heidema Partnership,

     Defendants and Appellants,

     v.

FIRST BANK (N.A.)-BILLINGS,

     Plaintiff and Respondent.



---

ORDER OF DISMISSAL

AND OPINION

---

The Heidemas appeal from an order of the District Court of the Thirteenth Judicial District, Yellowstone County, sustaining plaintiff First Bank's objections to defendants' request for a jury trial. For the reasons stated below, we dismiss the appeal as premature.

Plaintiff First Bank filed suit against the Heidemas in June, 1982, to recover monies due on two promissory notes. The Heidemas retained counsel, who filed a series of motions, including a motion to dismiss, before being removed and replaced by another attorney in September, 1982. An answer to the original complaint was filed shortly thereafter, but the answer did not contain a demand for jury trial. A pretrial conference was held in June, 1983, with a non-jury trial scheduled for later that month. Three days before trial, defendants sought and obtained a continuance, after which time defendants' attorney withdrew as counsel of record.

In October, defendants, acting pro se, filed an amended answer with a request for jury trial. The amended

-1-

answer is more detailed than the original answer, and sets forth several affirmative defenses and counterclaims against First Bank. However, it appears that both the original and the amended answer relate to the same conduct, transaction or occurrence in dispute.

First Bank filed objections to the late request for jury trial. Upon examination of the pleadings, the District Court sustained the objections and denied defendants' demand for jury trial. Defendants appeal from this denial.

We dismiss this appeal as premature. Denial of a timely or belated request for a jury trial is not a final judgment appealable under Rule 1(a), M.R.App.Civ.P. The denial is in the nature of an interlocutory order, and can only be made appealable by specific rule or statute. Neither Rules 1(b) or 1(c), M.R.App.Civ.P., which enumerate certain orders that fall short of final judgment but which are appealable, provide for immediate appeal of a denial of demand for jury trial. Any improprieties involved in the denial are reversible only upon appeal from the final judgment in the case.

IT IS ORDERED:

1. The appeal is dismissed as premature.

2. The Clerk is directed to mail a true copy of this Order to the defendants and counsel for plaintiff.

DATED this __3ᵈ__ day of July, 1984.

 

_____
Acting Chief Justice

_____

_____

_____

_____

_____
Justices

-2-